FILED

06/25/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
May 16, 2018 Session

## STATE OF TENNESSEE v. MARK ANTHONY CLEMMONS

**Appeal from the Circuit Court for Wilson County**
**No. 16-CR-556   Brody Kane, Judge**

_____

### No. M2017-01756-CCA-R3-CD

_____

The Defendant, Mark Anthony Clemmons, was convicted upon his guilty pleas of possession with intent to sell not less than one-half ounce nor more than ten pounds of marijuana, a Class E felony; possession with intent to sell a Schedule III controlled substance (dihydrocodeinone), a Class D felony; and two counts of sale of not less than one-half ounce nor more than ten pounds of marijuana, a Class E felony. *See* T.C.A. §§ 39-17-417 (a)(1), (g)(1) (2014); (possession with intent to manufacture, deliver, or sell marijuana); -417(a)(1), (d)(1) (possession with intent to manufacture, deliver, or sell a Schedule III controlled substance); -417(a)(3), (g)(1) (sale of marijuana). The trial court found that the Defendant was a Range III offender and imposed an effective twenty-seven-year sentence. On appeal, the Defendant contends that the trial court erred in classifying him as a Range III offender because the State failed to provide an adequate notice of its intent to seek Range III sentencing. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Michael J. Flanagan (on appeal) and Paul Walwyn (at guilty plea and sentencing hearings), Nashville, Tennessee, for the appellant, Mark Anthony Clemmons.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Tom P. Thompson, Jr., District Attorney General; Jason Lawson, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

The Defendant was charged in a nine-count indictment with various drug-related offenses. The State filed a Notice of Intent to Seek Enhanced Sentence which listed the following offenses and details as the basis for sentence enhancement:

| Charge[1] | County | Date |
|---|---|---|
| Schedule II Drugs Cocaine | Wilson | 10/10/1996 |
| Schedule II Drugs Cocaine | Wilson | 11/19/1999 |
| Schedule II Drugs Facilitation | Wilson | 6/1/1996 |
| Simple Possession 3rd Offense | Davidson | 8/10/2006 |
| Carjacking | Wilson | 11/14/1998 |

The parties thereafter reached a plea agreement, whereby the Defendant would plead guilty to four counts and five counts would be dismissed. A determination of the appropriate sentences was not resolved by the plea agreement and was reserved for determination by the trial court.

After the guilty plea hearing and eleven days before the sentencing hearing, a presentence report was filed. It contained six pages listing the Defendant's prior charges and convictions, dates of the offenses, dates of the convictions, and the courts of the convictions, and the docket numbers.

The trial court conducted a sentencing hearing, at which the Defendant acknowledged on cross-examination that he had been convicted of "simple possession" in Davidson County in 2007, sale of cocaine in Wilson County in 1999, carjacking in Wilson County in 1998, and "two cocaine charges" in Wilson County in 1996. The court inquired, "Is there an agreement that he is in fact a persistent, Range III offender with these five felony convictions? Is there any dispute on that point?" Defense counsel responded, "I'm not disputing the convictions." The court imposed a twelve-year sentence for the Class D felony and five years for each Class E felony and ordered consecutive service of all sentences, for an effective twenty-seven-year sentence. The record supports a conclusion that the court found that the Defendant was a Range III offender. Although the court never made an explicit finding in this regard, it addressed the issue with defense counsel and later commented that the Administrative Office of the Courts' website did not contain statistics for persistent offenders. The judge observed, "There's no certain category for what [the Defendant] has." In addition, the judgment forms signed by the trial judge state that the Defendant is a persistent, Range III offender. Also, the judge stated that he was imposing a twelve-year sentence, the maximum for a

---

[1] The notice states the offense "charge" but does not specify whether the charge and the conviction are of the same offense.

Range III offender for a Class D felony. The court stated that it was going to "split the difference" of the four to six years allowed for the Class E felonies, and five years is a mid-range sentence for a Range III offender.

On appeal, the Defendant contends that the State's Notice of Intent to Seek Enhanced Sentence failed to: (1) state that the prior offenses were felonies, (2) include the offense class of the prior convictions, and (3) state the dates of the convictions. He also argues that the record does not contain the judgments for the prior convictions. The Defendant acknowledges that his counsel did not dispute the prior convictions at the sentencing hearing, but he argues that the trial court nevertheless had an obligation to make a "specific finding" as to the appropriate offender classification and failed to state its reasoning on the record.

The State counters that the Defendant has waived appellate review of the trial court's classification of him as a Range III offender because he did not object to the accuracy of the convictions listed in the State's Notice of Intent to Seek Enhanced Sentence and the presentence report. The State contends that notwithstanding the alleged waiver, the Defendant is not entitled to relief as a matter of plain error.

Upon review of the record, we conclude that the Defendant waived his objection to a Range III classification by failing to raise the issue in the trial court. *See State v. George Robert Hamby*, No. M2014-00839-CCA-R3-CD, 2015 WL 3862688, at *8 (Tenn. Crim. App. May 28, 2015) (holding that because the defendant failed to object in the trial court to Range II classification, he was limited to plain error review), *perm. app. denied* (Tenn. Aug. 13, 2015). Our review is limited to consideration of whether plain error exists.

Five factors are relevant

> when deciding whether an error constitutes "plain error" in the absence of an objection at trial: "(a) the record must clearly establish what occurred in the trial court; (b) a clear and unequivocal rule of law must have been breached; (c) a substantial right of the accused must have been adversely affected; (d) the accused did not waive the issue for tactical reasons; and (e) consideration of the error is 'necessary to do substantial justice.'"

*State v. Smith*, 24 S.W.3d 274, 282 (Tenn. 2000) (quoting *State v. Adkisson*, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994)). All five factors must exist in order for plain error to be recognized. *Id.* at 283. "[C]omplete consideration of all the factors is not necessary when it is clear from the record that at least one of the factors cannot be established." *Id.*

In order for this court to reverse the judgment of a trial court, the error must be "of such a great magnitude that it probably changed the outcome of the trial." *Id.*; *Adkisson*, 899 S.W.2d at 642.

Tennessee Code Annotated section 40-35-202(a) (2014) provides:

> If the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, the district attorney general shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial or acceptance of a guilty plea; provided, that notice may be waived by the defendant in writing with the consent of the district attorney general and the court accepting the plea. The statement, which shall not be made known to the jury determining the guilt or innocence of the defendant on the primary offense, must set forth the nature of the prior felony convictions, the dates of the convictions and the identity of the courts of the convictions.

*See also* Tenn. R. Crim. P. 12.3(a) ("If the district attorney general intends to seek an enhanced punishment as a multiple, persistent, or career offender, the district attorney general shall file notice of this intention not less than ten (10) days before trial. If the notice is untimely, the trial judge shall grant the defendant, on motion, a reasonable continuance of the trial."). The purpose of the notice requirement is to provide the defendant with notice that he faces enhanced sentencing, to assist a defendant in developing appropriate trial strategy and in preparing for a sentencing hearing, and to help the defendant evaluate the risks and determine the appropriate course of action before a trial. *State v. Patterson*, 538 S.W.3d 431, 438 (Tenn. 2017). With regard to the form of the notice, our supreme court has said, "[I]f notice is filed late or is filed timely but is otherwise defective, the defendant must show prejudice before the notice will be rendered ineffective." *State v. Carter*, 121 S.W.3d 579, 585 (Tenn. 2003); *Patterson*, 538 S.W.3d at 438-39.

The Defendant has raised general allegations of defects in the notice, but he has not raised any argument regarding how he was prejudiced in not knowing that the State sought enhanced sentencing, in determining the proper course of action regarding going to trial or pleading guilty, or in preparing for the sentencing hearing. Even if we were to accept his argument regarding the alleged defects, no prejudice is apparent, and we will not speculate in this regard.

The Defendant also focuses on the trial court's failure to make an explicit finding at the hearing regarding the prior convictions, notwithstanding the acknowledgements by both the Defendant and defense counsel regarding the existence of the prior convictions, the court's statement regarding the lack of statistics for persistent offenders when

-4-

referring to the Defendant's prior convictions, the court's statements regarding the imposition of a maximum sentence for the Class D felony and mid-range sentences for the Class E felonies that corresponded with Range III statutory sentencing guidelines, and the court's classification of the Defendant as a Range III offender on the judgment forms. We disagree with the Defendant's characterization of the trial court's action. The record unequivocally demonstrates that the court found the Defendant qualified as a Range III offender. We conclude, based upon the facts of this case, that the court's lack of explicit findings as to each qualifying prior conviction is inconsequential.

The Defendant has not shown that a clear and unequivocal rule of law was breached, that a substantial right was adversely affected, and that we must consider the alleged error in order to do substantial justice. *See Smith*, 24 S.W.3d at 282. He is not entitled to plain error relief.

In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE